# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDUARDO ORTIZ, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br>   v. <br><br> CANOPY GROWTH CORPORATION, BRUCE LINTON, MARK ZEKULIN, MIKE LEE, TIM SAUNDERS, DAVID KLEIN, and RADE KOVACEVIC, <br><br>         Defendants. | Case No.: 2:19-cv-20543-KM-ESK |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation"), dated February 4, 2022, in the above-captioned litigation ("Litigation"), is entered into by and among: (i) Co-Lead Plaintiffs Anthony Sultan, Ellaine Sultan, Anna Cooley, Formica Industries Limited, David Pendola and Dean K. Lurie (collectively, "Plaintiffs") on behalf of themselves and each of the Settlement Class Members, by and through their counsel of record in the Litigation; and (ii) defendants Canopy Growth Corporation ("Canopy"), Bruce Linton, Mark Zekulin, Mike Lee, Tim Saunders, David Klein and Rade Kovacevic (together with Canopy, "Defendants") by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle with prejudice the Released Claims, subject to the approval of the United States District Court for the District of New Jersey ("Court"), and the terms and conditions set forth in this Stipulation.[1]

## I.      THE LITIGATION

This is a federal securities class action on behalf of the Settlement Class. For purposes of this Settlement only, the Settlement Class is defined in § IV.1 herein, and the Settling Parties (as defined herein) intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become Final.

### 1.      Procedural History of the Litigation

The Litigation is pending before the Honorable Kevin McNulty in the United States District Court for the District of New Jersey. On November 20, 2019, Plaintiff Eduardo Ortiz commenced this action alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder. Dkt. No. 1. On January 21, 2020, Anthony Sultan, Ellaine Sultan, Anna

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV herein.

Cooley, and Formica Industries Limited (together, "Sultan Group") filed a motion seeking appointment as Lead Plaintiffs, and on the same day David Pendola and Dean Lurie also filed a motion seeking appointment as Lead Plaintiffs. Dkt. Nos. 7–8. On February 10, 2020, District Judge Kevin McNulty so-ordered a stipulation filed by the Sultan Group, Pendola, and Lurie appointing them Lead Plaintiffs and approving their selection of Pomerantz LLP, The Rosen Law Firm, P.A., and Hagens Berman Sobol Shapiro LLP as Lead Counsel. Dkt. No. 27.

Plaintiffs filed their First Amended Complaint on June 4, 2020 (Dkt. No. 52), and on August 4, 2020, Defendants moved to dismiss (Dkt. No. 55). Plaintiffs obtained leave to file a Second Amended Complaint on October 9, 2020 (*see* Dkt. No. 66) and filed their Second Amended Complaint the same day (Dkt. No. 65). Defendants moved to dismiss the Second Amended Complaint on November 23, 2020 (Dkt. No. 67), and on May 7, 2021, the Court granted Defendants' motion without prejudice and permitted Plaintiffs to file a Third Amended Complaint (Dkt. No. 73). Plaintiffs filed their Third Amended Complaint on June 14, 2021 (Dkt. No 77). Defendants moved to dismiss the Third Amended Complaint on August 16, 2021 (Dkt. No. 80) and Plaintiffs filed their opposition to that Motion on October 12, 2021 (Dkt. No. 83).

### 2.    Settlement Negotiations

On October 19, 2021, Lead Counsel and Defendants' counsel participated in a full-day mediation session before Jed D. Melnick of JAMS. In advance of that session, the Settling Parties prepared and exchanged detailed mediation statements. The session ended without an agreement being reached. Settlement negotiations between the parties continued through mediator Jed Melnick in the weeks that followed. On November 19, 2021, the Settling Parties agreed in principle to resolve the claims asserted in this Litigation for $13 million in return for a release of all claims against Defendants, as further detailed below. On December 14, 2021, the Settling Parties executed a Memorandum of Understanding setting forth the terms of the agreement in principle ("MOU").

II.     **PLAINTIFFS' ASSESSMENT OF THE CLAIMS AND BENEFITS OF SETTLEMENT**

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports their claims. Nonetheless, Plaintiffs and their counsel recognize the current posture of the dismissed litigation and the expense and length of continued prosecution of the Litigation against Defendants through discovery, trial, and possible appeals if the renewed motion to dismiss were denied. Plaintiffs and their counsel also recognize the uncertain outcome and the risk associated with the litigation, especially in complex securities actions such as this Litigation, as well as the challenges and delays inherent in such litigation. Plaintiffs and their counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class, is fair, reasonable, adequate, and is in the best interests of the Settlement Class.

III.    **DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

Defendants have denied and continue to deny each and all of the claims asserted in the Litigation, and expressly deny that they have engaged in any wrongdoing, including, without limitation, that their public statements were false or misleading; that they acted with the requisite scienter; that they have committed any violations of law or breaches of duty to Plaintiffs, Canopy shareholders, or anyone else, or aided and abetted the same; and that any investment losses sustained by Lead Plaintiffs and the Settlement Class were caused by Defendants' alleged misconduct. Defendants believe that the Litigation is without merit, that their public statements during the Settlement Class Period contained no material misstatements or omissions, that they otherwise complied with all applicable rules, regulations, and laws, and that they have meritorious defenses to all claims alleged in the Litigation. Defendants make no admission of liability or any form of wrongdoing whatsoever by entering into this Settlement.

This Stipulation, whether or not consummated, and whether or not approved by the court, shall not be construed as or deemed to be evidence of any presumption, admission, or concession on the part of any Defendant, Defendants' counsel, insurer, or any of the Related Parties (as defined in ¶ 1.29), with respect to any claim of any fact alleged by Lead Plaintiffs or any Settlement Class Member, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any Settlement Class Member, or any deficiency of any defense that has been or could have been asserted by Defendants in this Action or in any other litigation. Further, this Stipulation, and all related documents, shall not be construed as or deemed to be evidence of any deception, negligence, fault, liability, wrongdoing, or damage whatsoever, of any kind or by any Defendant, nor any of the Related Parties, or in any way referred to for any other reason as against any Defendant or any of the Related Parties, in any civil, criminal, or administrative action or proceeding. The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure. Further, the Parties, and each of them, will not deny in any statement made to any media representative that the Action is being settled voluntarily after consultation with competent counsel. The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining.

As set forth below, neither the Settlement nor any of the terms of this Stipulation shall constitute an admission or finding of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

IV.      **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

Now, therefore, it is hereby stipulated and agreed by and among Plaintiffs (individually and on behalf of all Settlement Class Members) and Defendants, and each of them, by and through their respective undersigned counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation.

1.       **Definitions**

As used in the Stipulation and its Exhibits, the following terms shall have the meanings specified below. Terms used in the singular shall be deemed to include the plural and vice versa:

1.1      "Authorized Claimant" means any Settlement Class Member whose claim for recovery is allowed pursuant to the terms of the Stipulation.

1.2      "Canopy" means Canopy Growth Corporation.

1.3      "Canopy Call Options" means call options on Canopy Common Stock.

1.4      "Canopy Common Stock" means the common stock of Canopy.

1.5      "Canopy Put Options" means put options on Canopy Common Stock.

1.6      "Canopy Securities" means shares of Canopy Common Stock, Canopy Call Options, and Canopy Put Options.

1.7      "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

1.8      "Court" means the United States District Court for the District of New Jersey.

1.9      "Defendants' Claims" means any and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory, or common law or any other law, rule, or regulation including both known and Unknown Claims,

that have been or could have been asserted in the Litigation or any forum by the Released Persons or any of them against Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, including under Rule 11 of the Federal Rules of Civil Procedure, or for any other fees or cost shifting, except for claims relating to the enforcement of this Stipulation or the Settlement.

1.10    "Defendants" means Canopy, Bruce Linton, Mark Zekulin, Mike Lee, Tim Saunders, David Klein and Rade Kovacevic.

1.11    "Effective Date" or the date upon which this Stipulation and the Settlement become "effective," means three (3) business days after the date by which all of the events and conditions specified in ¶ 8.1 herein have been met and have occurred.

1.12    "Escrow Account" means the escrow account described in ¶ 2.1 herein.

1.13    "Escrow Agent" means Huntington National Bank.

1.14    "Fee and Expense Application" means the application(s) for an award of attorneys' fees and expenses to Plaintiffs' counsel described in ¶ 7.1 herein.

1.15    "Fee and Expense Award" means the award of attorneys' fees and expenses of Plaintiffs' counsel described in ¶ 6.2 herein.

1.16    "Final" means (1) the Court has entered a Judgment approving the Settlement in all material respects, including but not limited to, *inter alia,* (a) certifying a Settlement Class, (b) approving the scope of the Releases, and (c) ordering the Clerk of the Court to enter final judgment in the form set forth in Exhibit B pursuant to Federal Rule 54(b), finding that there is no just reason for delay of enforcement or appeal of the order, and (2) the time to appeal the Judgment has expired, or the Judgment has been affirmed in all respects on any appeal or review and is no longer subject to further appeal or review. Provided, however, and notwithstanding any provision to the

contrary in this Settlement, "Final" shall not include (and the Settlement is expressly not conditioned upon) the Court's approval of attorneys' fees and the reimbursement of expenses sought by Lead Counsel, or the approval of payment of a Compensatory Award for the time and expenses expended by Lead Plaintiffs, or any appeals solely related thereto.

1.17    "Final Approval Hearing" means the hearing required by Federal Rule of Civil Procedure 23(e), at which time the Settling Parties will request that the Court approve the fairness, reasonableness, and adequacy of the proposed Settlement embodied by this Stipulation and enter the Judgment. Lead Counsel will also request that the Court approve the Plan of Allocation and the Fee and Expense Application.

1.18    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.19    "Lead Counsel" means the law firms of Pomerantz LLP, Hagens Berman Sobol Shapiro LLP, and The Rosen Law Firm, P.A., or their respective successors.

1.20    "Litigation" means the action captioned *Ortiz v. Canopy Growth Corp., et al.*, Case No. 2:19-cv-20543-KM-ESK (D.N.J.).

1.21    "Net Settlement Fund" means the net settlement fund described in ¶ 6.2 herein.

1.22    "Notice and Administration Expenses" means the costs and expenses described in ¶ 2.8 herein.

1.23    "Notice" means the notice described in ¶ 4.1 herein.

1.24    "Parties" means, collectively, Defendants and Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.25    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, limited

liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.26    "Plaintiffs" means Anthony Sultan, Ellaine Sultan, Anna Cooley, Formica Industries Limited, David Pendola and Dean K. Lurie.

1.27    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund whereby the Net Settlement Fund to distributed to Authorized Claimants. Any Plan of Allocation is not part of the stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.28    "Preliminary Approval Order" means the order described in ¶ 4.1 herein.

1.29    "Related Parties" means each of a Defendant's respective former, present, or future parents, subsidiaries, controlling shareholders, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers, or reinsurers in their capacities as such, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants.

1.30    "Released Claims" means any and all claims, suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential, or special damages, and restitution and disgorgement), demands, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees,

prejudgment interest, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, including both known and Unknown Claims, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether legal, contractual, rescissory, statutory, or equitable in nature, arising under federal, state, local, statutory, or common law, or any other law, rule, or regulation of any jurisdiction, including, but not limited to, the United States or Canada that have been or could have been asserted in any forum by the members of the Settlement Class, or the successors or assigns of any of them, in any capacity, against the Released Persons, arising out of, based upon or related in any way to the purchase, acquisition, sale, or ownership of Canopy Securities during the Settlement Class Period, including without limitation any claims related to the allegations, transactions, facts, events, matters, occurrences, acts, representations, or omissions involved, set forth, referred to, or that could have been asserted in the Action, and any for negligence, gross negligence, breach of duty of candor, fraud, or negligent misrepresentation ("Settled Claims"), except for any claims relating to the enforcement of the Settlement. Nothing in this paragraph shall affect any claims, demands, rights, or causes of action and liabilities: (a) between or among Defendants; or (b) between Defendants and their insurers.

1.31    "Released Persons" means each and all of Defendants and each and all of their Related Parties.

1.32    "Settlement" means the settlement of the Litigation as set forth in this Stipulation.

1.33    "Settlement Amount" means Thirteen Million Dollars (US$13,000,000.00) in cash, to be paid to the Escrow Agent pursuant to ¶ 2.1 of this Stipulation.

1.34    "Settlement Class" means all Persons who purchased or otherwise acquired Canopy Securities during the Settlement Class Period. Excluded from the Settlement Class are all named

Defendants in the Litigation, the present officers and directors of Canopy, the officers and directors Canopy during the Settlement Class Period, and the immediate family members, legal representatives, heirs, successors, or assigns of such excluded persons and any entity in which any Defendant has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

1.35    "Settlement Class Member" means any Person who falls within the definition of the Settlement Class as set forth in ¶ 1.32 above.

1.36    "Settlement Class Period" means the period between June 27, 2018, and May 28, 2020, both dates inclusive.

1.37    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.38    "Settling Parties" means, collectively, Defendants and Plaintiffs on behalf of themselves and each of the Settlement Class Members.

1.39    "Supplemental Agreement" means the supplemental agreement between the Settling Parties described in ¶ 8.3 herein.

1.40    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶ 2.9 herein.

1.41    "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional

amounts imposed with respect thereto) imposed by any governmental authority and arising with respect to income earned by the Settlement Fund as described in ¶ 2.9.

1.42    "Unknown Claims" means (i) any Released Claims which Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Settlement Class; and (ii) any Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, which, if known by him, her or it might have affected his, her or its settlement with and release of Plaintiffs, the Settlement Class Members, and Plaintiffs' counsel, or might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code

§1542. Plaintiffs, Defendants and the Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims or Defendants' Claims, but Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, and Defendants shall expressly, fully, finally, and forever settle and release any and all Defendants' Claims, in each case known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which these releases are a part.

## 2.    The Settlement

### A.    The Settlement Amount

2.1    The Settlement Amount shall be deposited into an interest-bearing escrow account ("Escrow Account") controlled by the Escrow Agent on or before fifteen (15) business days after the later of: (i) the entry of the Preliminary Approval Order, as defined in ¶ 4.1 herein, and (ii) provision to Defendants of all information necessary to effectuate a transfer of funds, including the bank name and ABA routing number, account name and number, and a signed W-9 reflecting the taxpayer identification number for the Settlement Fund.

2.2     Canopy and/or Defendants' insurers  shall pay or cause to be paid the Settlement Amount on behalf of all Defendants. Such amount is paid as consideration for full and complete settlement of all Released Claims. In the event that the entire Settlement Amount is not funded when due, Plaintiffs shall have the right to terminate the Settlement.

2.3     Other than the obligation of Canopy and/or Defendants' insurers to pay or cause to be paid the Settlement Amount into the Settlement Fund, Defendants shall have no obligation to make any other payment into the Settlement Fund pursuant to this Stipulation.

## B.     The Escrow Agent

2.4     The Escrow Agent shall invest the Settlement Amount, deposited pursuant to ¶ 2.1 herein, in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Canopy.

2.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation. The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or for any transaction executed by the Escrow Agent.

2.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.8     Without further order of the Court or approval from Defendants, the Settlement Fund may be used by the Escrow Agent, as directed by Lead Counsel, to pay reasonable costs and expenses actually incurred up to the sum of $500,000 in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the submission of Settlement Class claims, processing Proofs of Claim and Releases, administering and distributing the Net Settlement Fund to Authorized Claimants, paying Taxes and Tax Expenses, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). After the effective date, without further order of the Court or approval from Defendants, additional amounts up to $250,000 may be used by the Escrow Agent, as directed by Lead Counsel, to pay any additional Notice and Administrations Expenses from the Settlement Fund. The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility for or liability whatsoever for any claims with respect thereto. Notwithstanding the foregoing, Defendants shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator pertinent transfer records for purposes of mailing notice to the Settlement Class.

### C.     Taxes

2.9     (a)     The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.9, including the "relation-back election" (as defined in Treas.

Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶ 2.9(a) herein) shall be consistent with this ¶ 2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.9(c) herein.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.9) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no responsibility or liability whatsoever for Taxes or Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Persons and their

counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.9.

### D.   Termination of the Settlement

2.10    In the event that the Stipulation is not approved, the Stipulation is terminated or canceled, or the Effective Date otherwise fails for any reason to occur, the Settlement Funds less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the Settlement provided for herein, shall be refunded to the parties that submitted the payment pursuant to written instructions for counsel for Canopy in accordance with ¶ 8.4 herein.

### 3.   Class Certification

3.1    For the sole purpose of the Settlement and for no other purpose, the Settling Parties stipulate, agree, and consent to: (i) certification of the Litigation as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the Settlement Class; (ii) appointment of Plaintiffs as class representatives; and (iii) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

3.2     Nothing in this Stipulation shall serve, either directly or indirectly, as evidence of or support for certification of a class other than for settlement purposes, and the Settling Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event the Settlement and Judgment do not become Final. Defendants expressly reserve the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

## 4.     Preliminary Approval Order and Final Approval Hearing

4.1     Promptly after execution of this Stipulation, Plaintiffs shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order ("Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, certification of the Settlement Class for settlement purposes, and approval of the mailing of a settlement notice ("Notice") and Claim Form and publication of a summary notice, substantially in the forms of Exhibits 1, 3, and 4 to Exhibit A attached hereto. The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶ 7.1 herein, and the date of the Final Approval Hearing, as defined below.

4.2     Lead Counsel shall request that after notice is given, the Court hold a hearing ("Final Approval Hearing") and finally approve the Settlement of the Litigation as set forth herein. At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, and Plaintiffs' request for payment of time and for their expenses, if any.

## 5.     Releases

5.1     Upon the Effective Date, Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release or shares in the Settlement Fund. Claims to enforce the terms of this Stipulation are not released. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

5.2     The Proof of Claim and Release to be executed by Settlement Class Members at the Effective Date shall release all Released Claims against the Released persons and shall be substantially in the form contained in Exhibit 2 to Exhibit A attached hereto.

5.3     Upon the Effective Date, all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting the Released Claims against any of the Released Persons.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' counsel, including Lead Counsel, from all Defendants' Claims. Claims to enforce the terms of this Stipulation or any order of the Court in the Litigation are not released.

**6.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims

submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

6.2     The Settlement Fund shall be applied as follows:

(a)     To pay all the Notice and Administration Expenses described in ¶ 2.8 herein;

(b)     To pay the Taxes and Tax Expenses described in ¶ 2.9;

(c)     To pay attorneys' fees and expenses of counsel for Plaintiffs ("Fee and Expense Award"), and to pay Plaintiffs for their time and expenses, if and to the extent allowed by the Court; and

(d)     After the Effective Date, to distribute the balance of the Settlement Fund ("Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit 2 to Exhibit A attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

(b)     All Proofs of Claim and Releases must be submitted within seven days after the date of the Final Approval Hearing or such other time as may be set by the Court. Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid

Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of the Stipulation and the Settlement, including the terms of the Judgment and the releases provided for therein and herein, and will be barred and enjoined from bringing any action against the Released Persons concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. Lead Counsel shall have no liability for not accepting late-submitted claims.

6.4    Persons who otherwise would be Settlement Class Members but desire to be excluded from the Settlement shall be required to provide a written statement that the Person wishes to be excluded from the Settlement Class for receipt by the Claims Administrator no later than twenty-one (21) days prior to the Final Approval Hearing or such other time as may be set by the Court. Unless otherwise ordered by the Court, any Person who is a Settlement Class Member and who does not submit a timely and valid request for exclusion from the Settlement Class shall be bound by this Stipulation. Copies of all requests for exclusion received, and copies of all written revocations of requests for exclusion received, shall be sent to counsel for Defendants and to Lead Counsel within a reasonable time of receipt by the Claims Administrator and in any event not less than seven (7) calendar days prior to the Final Approval Hearing.

6.5    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net Settlement Fund after a reasonable period of

time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization selected by Lead Counsel. This is not a claims-made settlement. There will be no reversion to Defendants.

6.6    Except for Canopy's obligation to pay or cause payment of the Settlement Amount into the Settlement Fund as set forth herein, Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Settlement Class claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against Defendants, their Related Parties, or counsel for Defendants with respect to the matters set forth in ¶¶ 6.1–6.8 herein; and the Settlement Class Members, Plaintiffs, and Plaintiffs' counsel, including Lead Counsel, release Defendants and their Related Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.7    No Person shall have any claim against Defendants or their Related Parties, counsel for Defendants, Plaintiffs, Lead Counsel, the Claims Administrator or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

6.8    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein. Defendants will take no position with respect to such proposed Plan of Allocation or such plan as may be approved by the Court.

**7.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

7.1    Lead Counsel may submit an application or applications ("Fee and Expense Application") to the Court for distributions from the Settlement Fund for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with prosecuting the Litigation; plus (iii) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Plaintiffs may also submit an application for an award to any or all Lead Plaintiffs for their time and expenses in connection with the prosecution of the Litigation. Lead Counsel reserve the right to make additional applications for fees and expenses incurred. This Settlement shall not be conditioned upon any award of attorneys' fees and expenses to Lead Counsel, and Defendants shall take no position with respect to the Fee and Expense Application.

7.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, within five (5) business days after the Court executes an order awarding such fees and expenses, notwithstanding the existence of any objections thereto or potential for appeal therefrom. Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiff's other counsel, if any, in a manner in which they in good

faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

7.3     In the event that the Effective Date fails for any reason to occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall, within fifteen (15) calendar days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, be severally and jointly obligated to refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination. Lead Counsel, as a condition of receiving such fees and expenses, agrees to be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' counsel for attorneys' fees and expenses, or the time and expenses of Plaintiffs, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or Plaintiffs' time and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth therein.

7.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and/or expenses to Lead Counsel, Plaintiffs, or any other counsel or Person who receives payment from the Settlement Fund.

7.6     Defendants and their Related Parties shall have no responsibility or liability whatsoever for the allocation among Lead Counsel, or any other counsel or Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all the following events:

(a)     The Court has entered the Preliminary Approval Order, as required by ¶ 4.1 herein;

(b)     The Settlement Amount has been deposited into the interest-bearing Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶ 8.3 herein;

(d)     The Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     The Judgment has become Final, as defined in ¶ 1.16 herein.

8.2     Upon the Effective Date, any and all remaining interest or right of Defendants or Defendants' insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in ¶ 8.1 herein are not met, then the Stipulation shall be canceled and terminated subject to ¶ 8.4 herein, unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     Defendants shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members who or which, pursuant to timely and valid requests for exclusion from the Settlement Class, meet the conditions set forth in a confidential supplemental agreement ("Supplemental Agreement") between the Settling Parties. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court otherwise directs or a dispute arises between the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

8.4     In the event that the Stipulation is not approved, the Stipulation is terminated or canceled, or the Effective Date otherwise fails for any reason to occur, then:

(a)     Within fifteen (15) calendar days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less any expenses which have either been disbursed pursuant to ¶¶ 2.8 or 2.9 herein, or are chargeable to the Settlement Fund pursuant to ¶¶ 2.8 or 2.9 herein, shall be refunded by the Escrow Agent to the parties that submitted the payment pursuant to written instructions from Canopy's counsel. The Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds to the parties that submitted the payment, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Canopy's counsel;

(b)      Neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶ 2.8 or 2.9 herein, and any expenses already incurred pursuant to ¶¶ 2.8 or 2.9 herein, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶ 2.10 and 8.4(a) herein;

(c)      The Settling Parties shall revert to their respective positions in the Litigation as of December 14, 2021; and

(d)      The terms and provisions of the Stipulation, with the exception of this ¶ 8.4 and ¶¶ 1.1–1.42, 2.8–2.10, 7.3, 9.3, and 9.6 herein, shall have no further force and effect with respect to the Settling Parties and shall not be enforceable, or used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the Plan of Allocation, or the amount of any attorneys' fees, expenses, and interest awarded by the Court to any of Plaintiffs' counsel or Plaintiffs, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

**9.      Miscellaneous Provisions**

9.1      The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits

of any claim or defense. Plaintiffs and Defendants agree that all Settling Parties and their respective counsel have complied with Federal Rule of Civil Procedure 11. The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made by any of the Settling Parties in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.3     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants or their respective Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (iii) is or may be deemed to be or may be used as an admission, or evidence, that any claim asserted by Plaintiffs was not valid in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal or (iv) is or may be deemed to be or may be used as an admission of, or evidence of, the appropriateness of treating the Litigation as a class action for any other purpose than the Settlement. Defendants and/or their respective Related Parties may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense

28

or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4     Defendants shall provide notice under the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as appropriate, at their own expense.

9.5     Other than as set forth in the Stipulation and the MOU, the Settling Parties agree that there will be no public announcements regarding the Settlement until Canopy has announced or disclosed it.  Once disclosure is made by Canopy, the Settling Parties agree that, other than disclosures required by law, any public comments from the Settling Parties regarding this resolution will not substantially deviate from words to the effect that the Settling Parties have reached a mutually acceptable resolution by way of a mediated settlement.

9.6     Except as otherwise provided for herein, all agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto. No representations, warranties or inducements have been made to any party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

9.10    Except as otherwise provided for herein, each Settling Party shall bear his, her or its own costs.

9.11    Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

9.12    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto warrants that such Person has the full authority to do so.

9.13    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or e-mail shall be deemed originals.

9.14    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.15    The waiver by one party of any breach in this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

9.17    Without affecting the finality of the Judgment entered in accordance with this Stipulation, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

purposes of implementing and enforcing the Settlement embodied in the Stipulation and matters related to the Settlement.

9.18    Pending approval of the Court of the Stipulation and its Exhibits, other than by agreement of the Settling Parties, all proceedings in this Litigation shall be stayed and Plaintiffs and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons. Canopy and Defendants may seek to prevent or to stay any other action(s) or claims that assert any Released Claims.

9.19    Any failure by any party to this Stipulation to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of the Stipulation to be performed by such other party.

9.20    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New Jersey without giving effect to that State's choice-of-law principles.

9.21    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.22    Nothing in this Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the work product doctrine, or the joint defense or common interest doctrine.

IN WITNESS WHEREOF, the Settling Parties hereto have caused the Stipulation to be executed by their duly authorized attorneys, dated February 4, 2022.

**POMERANTZ LLP**

By: s/ Jeremy A. Lieberman

Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: bcalandra@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

By: s/ Gonen Haklay

Gonen Haklay
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: ghaklay@rosenlegal.com
Email: lrosen@rosenlegal.com

**HAGENS BERMAN SOBOL
SHAPIRO LLP**

By: s/ Shayne C. Stevenson

Steve W. Berman
Shayne C. Stevenson
1301 Second Avenue, Suite 2000

**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP,**

By: s/ Susan L. Saltzstein

Andrew Muscato
Jay B. Kasner
Susan L. Saltzstein
One Manhattan West
New York, New York 10001
(212) 735-3000 (telephone)
(212) 735-2000 (fax)
andrew.muscato@skadden.com
jay.kasner@skadden.com
susan.saltzstein@skadden.com

*Attorneys for the Defendants*

Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

*Co-Lead Counsel for Plaintiffs and the Class*