## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EDUARDO ORTIZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CANOPY GROWTH CORPORATION, BRUCE LINTON, MARK ZEKULIN, MIKE LEE, TIM SAUNDERS, DAVID KLEIN, and RADE KOVACEVIC,<br><br>    Defendants. | Case No.: 2:19-cv-20543-KM-ESK |

## ORDER PRELIMINARILY
## APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *Ortiz v. Canopy Growth Corporation, et al.*, Docket No. 2:19-cv-20543-KM-ESK (D.N.J.) ("Litigation");

WHEREAS, (a) Co-Lead Plaintiffs Anthony Sultan, Ellaine Sultan, Anna Cooley, Formica Industries Limited, David Pendola and Dean K. Lurie (collectively, the "Plaintiffs"), through Lead Counsel,[1] on behalf of themselves and the Settlement Class, and (b) defendant Canopy Growth Corporation ("Canopy"), and defendants Bruce Linton, Mark Zekulin, Mike Lee, Tim Saunders, David Klein, and Rade Kovacevic (collectively, the "Individual Defendants," together with Canopy, "Defendants," and together with Plaintiffs, "Settling Parties"), have determined to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive and discharge each and every Released Claim against each of the Defendants and Released Persons on the terms and conditions set forth in the Stipulation of Settlement dated February 4, 2022 ("Stipulation") subject to approval of this Court ("Settlement");

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for

---

[1] "Lead Counsel" means the law firms of Pomerantz LLP, Hagens Berman Sobol Shapiro LLP, and The Rosen Law Firm, P.A., or their respective successors.

purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and (c) finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      Unless otherwise defined herein, all capitalized words and defined terms contained herein shall have the same meanings as they have in the Stipulation.

2.      **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified on behalf of a Settlement Class consisting of all persons or entities that purchased or otherwise acquired Canopy Securities[2] between June 27, 2018, and May 28, 2020, both dates inclusive (the "Settlement Class Period"). Excluded from the Class are all named Defendants in the Litigation, the present officers and directors of Canopy, the officers and directors of Canopy during the Settlement Class Period, and the

---

[2] "Canopy Securities" means shares of Canopy Common Stock, Canopy Call Options, and Canopy Put Options, as defined in the Stipulation.

immediate family members, legal representatives, heirs, successors, or assigns of such excluded persons and any entity in which any Defendant has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion, and persons with no compensable damages.

3.   **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of this Litigation, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the number of Settlement Class Members are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Litigation are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4.   The Court hereby finds and concludes that, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and also certifies them as Class

Representatives for the Settlement Class. The Court appoints Lead Counsel as Class

Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of

Civil Procedure.

5.      **<u>Preliminary Approval of the Settlement</u>** – The Court hereby

preliminarily approves the Settlement, as embodied in the Stipulation, as being fair,

reasonable, and adequate to the Settlement Class Members, subject to further

consideration at the Final Approval Hearing to be conducted as described below.

6.      **<u>Final Approval Hearing</u>** – The Court will hold a Final Approval

Hearing ("Final Approval Hearing") on _____ June 7 , 20 22 [a date that is at least

100 calendar days from the date of this Order], at _2:30 p.m. at the United States

District Court for the District of New Jersey, Honorable Kevin McNulty, U.S.D.J.,

Frank Lautenberg Post Office & U.S. Courthouse, 2 Federal Square, Courtroom PO

04, Newark, New Jersey 07102, to determine: (i) whether the proposed Settlement

of the Litigation on the terms and conditions provided for in the Stipulation is fair,

reasonable, and adequate to the Settlement Class Members and should be approved

by the Court; (ii) whether a Judgment as defined in ¶ 1.13 of the Stipulation should

be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and

adequate to the Settlement Class and should be approved; (iv) the amount of fees

and expenses that should be awarded to Lead Counsel; (v) the compensatory awards

that should be granted to Plaintiffs; (vi) to consider Settlement Class Members'

objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Final Approval Hearing by Settlement Class Members (or by counsel on their behalf), provided that they give proper notice that they intend to appear at the Final Approval Hearing; and (vii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

7.      The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, any application by Lead Counsel for an award of attorneys' fees and expenses, or any application by Plaintiffs for a compensatory award.

8.      **<u>Approval of Form and Content of Notice</u>** – The Court approves, as to form and content, the Postcard Notice ("Postcard"), Notice of Proposed Settlement of Class Action ("Long Form Notice"), the Proof of Claim and Release Form ("Proof of Claim"), and the Summary Notice annexed hereto as Exhibits A-4, A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Postcard and publishing of the Summary Notice substantially in the manner and form

5

set forth in ¶ 8 of this Order meet the requirements of Federal Rule of Civil

Procedure 23 and due process, and are the best notices practicable under the

circumstances and shall constitute due and sufficient notice to all Persons entitled

thereto.

9.     **Retention of Claims Administrator and Manner of Giving Notice** –

Lead Counsel are hereby authorized to retain the firm Strategic Claims Services

("Claims Administrator") to supervise and administer the notice procedure as well

as the processing of claims as more fully set forth below:

a.     Not later than _____, 20__, [twenty-one (21) calendar

days after the Court signs and enters this Order] (the "Notice Date"), the

Claims Administrator shall commence mailing the Postcard, substantially in

the forms annexed hereto, by First-Class Mail to all potential Settlement Class

Members who or which can be identified with reasonable effort, and shall post

the Postcard on its website at www.strategicclaims.net.

b.     Within twenty-one (21) calendar days of the entry of this Order,

Lead Counsel, through the Claims Administrator, shall cause the Stipulation

and its exhibits, this Order, and a copy of the Long Notice and Proof of Claim

to be posted on the Claims Administrator's website contemporaneously with

the mailing of the Postcard Notice and/or emailing links to the Long Notice

and Proof of Claim; and

c.      Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of Investor's Business Daily and once over the GlobeNewswire; and

d.      At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

11.     **Nominee Procedures** – Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Canopy securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner for whom they are

nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses, of up to $0.05 per name, address, and email address provided to the Claims Administrator; up to $0.05 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.05 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

12.     **Payment of the Settlement Fund** – On or before fifteen (15) days after the later of: (i) entry of this Order, and (ii) provision to Defendants of all information necessary to effectuate a transfer of funds, Canopy and/or Defendants' insurers shall cause Thirteen Million United States Dollars (US$13,000,000.00) in cash to be paid to the Escrow Agent pursuant to ¶ 2.1 of the Stipulation.

13.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

14.     **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than seven (7) calendar days after the date of the Final Approval Hearing. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims

Administrator so long as the distribution of the Net Settlement Fund to Authorized

Claimants is not materially delayed thereby.

15.     All Settlement Class Members shall be bound by all determinations and

judgments in the Litigation concerning the Settlement, including, but not limited to,

the Releases provided for therein, whether favorable or unfavorable to the Settlement

Class, regardless of whether such Settlement Class Members submit Proofs of Claim

or otherwise seek or obtain by any means any distribution from the Net Settlement

Fund.

16.     **Exclusion From the Settlement Class** – Any Person falling within the

definition of the Settlement Class may, upon request, be excluded or "opt out" from

the Settlement Class. Any such Person must submit to the Claims Administrator a

request for exclusion ("Request for Exclusion"), by First-Class Mail, or hand-

delivered such that it is received by _____, 20__ [twenty one (21) calendar

days before the date of the Final Approval Hearing]. A Request for Exclusion must

be signed and state: (i) the name, address, telephone number, and email address (if

any) of the Person requesting exclusion; (ii) the Person's purchases, acquisitions,

and sales of Canopy Securities between June 27, 2018, and May 28, 2020, inclusive,

including the dates, the number of Canopy Securities purchased, acquired or sold,

and price paid or received for each such purchase, acquisition or sale; and (iii) that

the Person wishes to be excluded from the Settlement Class. All Persons who submit

10

valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

17.    Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event not less than fourteen (14) calendar days prior to the Final Approval Hearing.

18.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases

11

provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19.   **Appearance and Objections at Final Approval Hearing** – Any Settlement Class Member who or which does not submit a Request for Exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. Any Settlement Class Members who or which does not enter an appearance will be represented by Lead Counsel.

20.   Any Settlement Class Member may file a written objection to the proposed Settlement and show cause, if he, she, or it has any cause, why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for the Plaintiffs, or why the compensatory award to Plaintiffs should or should not be approved; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are sent to Pomerantz LLP, Brian Calandra, 600 Third Avenue, 20th Floor, New York, New York 10016; The Rosen Law Firm, P.A., Gonen Haklay, 101 Greenwood

Avenue, Suite 440, Jenkintown, PA 19046; Hagens Berman Sobol Shapiro LLP, Shayne Stevenson, 1301 Second Avenue, Suite 2000, Seattle, WA 98101; Andrew Muscato, Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York 10001, received or hand-delivered on or before _____ __, 20__ [twenty one (21) calendar days before the date of the Final Approval Hearing], and said objections, papers, and briefs are sent to the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, NJ 07101, received on or before _____ __, 20__ [twenty one (21) calendar days before the date of the Final Approval Hearing].

21.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Plaintiffs or a compensatory award to Plaintiffs, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses to counsel for Plaintiffs, and/or the award of compensatory awards to Plaintiffs are

13

required to indicate in their written objection their intention to appear at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

22. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, acquisitions, and sales of Canopy Securities during the Settlement Class Period, including the dates, the number of Canopy Securities purchased, acquired, or sold, and price paid or received for each such purchase, acquisition, or sale; and (iv) the number of times the Settlement Class Member or their counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

23.     Lead Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

24.     **<u>Supporting Papers</u>** – All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for Plaintiffs for attorneys' fees and expenses or by Plaintiffs for her expenses shall be filed and served by _____ __, 20__ [thirty-five (35) calendar days prior to the Final Approval Hearing]. Replies to any objections shall be filed and served by _____ __, 20__ [seven (7) calendar days before the Final Approval Hearing].

25.     The Plan of Allocation and any application by counsel for Plaintiffs for attorneys' fees or expenses, or to Plaintiffs for compensatory awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses should be approved.

27.     **<u>Use of this Order</u>** – Neither this Order, nor the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or offered as an admission or concession by the Defendants as to the validity of any claims or as to the truth of any of the allegations in the Litigation, or in respect of any liability, fault, or wrongdoing of any kind.

28.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members and Defendants. The Settling Parties shall revert to their respective pre-mediation positions in the Litigation, as provided in the Stipulation.

29.     In the event the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 2.5, 2.8, or 2.9 of the Stipulation.

30.     **Stay and Temporary Injunction** – Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly or indirectly, representatively, or in any other capacity, shall

commence or prosecute against any of the Released Persons any action or

proceeding in any court or tribunal asserting any of the Released Claims.


        IT IS SO ORDERED.


DATED: <u>February 7, 2022</u>      <u>/s/ Kevin McNulty</u>
                                    THE HONORABLE KEVIN MCNULTY
                                    UNITED STATES DISTRICT JUDGE

17