## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

EDUARDO ORTIZ, individually
and on behalf of all others
similarly situated,

             Plaintiff,

   v.

CANOPY GROWTH
CORPORATION, BRUCE LINTON,
MARK ZEKULIN, MIKE LEE, TIM
SAUNDERS, DAVID KLEIN, and
RADE KOVACEVIC,

             Defendants.

Case No.: 2:19-cv-20543-KM-ESK

Hon. Kevin McNulty

**CO-LEAD PLAINTIFFS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR (1) MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT AND (2) MOTION FOR
ATTORNEYS' FEES AND EXPENSES AND AWARDS FOR CO-LEAD
<u>PLAINTIFFS</u>**

# TABLE OF CONTENTS

**Page(s)**

I.    THE SMALL NUMBER OF OBJECTIONS TO THE PROPOSED SETTLEMENT STRONGLY SUPPORTS FINAL APPROVAL............... 2

II.   THE LIMITED NUMBER OF EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL ................................................................. 4

III.  CONCLUSION ................................................................... 5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974)..................................................................................2

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975)..................................................................................2

*In re Mercedes-Benz Emissions Litigation*,
  2021 WL 7833193 (D.N.J. Aug. 2, 2021)........................................................4

*In re Valeant Pharm. Int'l Third-Party Payor Litig.*,
  2021 WL 7159892 (D.N.J. Dec. 6, 2021)
  *report and recommendation adopted*,
  2022 WL 525807 (D.N.J. Feb. 22, 2022)..........................................................5

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
  2020 WL 3166456 (D.N.J. June 15, 2020),
  *report and recommendation adopted*,
  2021 WL 358611 (D.N.J. Feb. 1, 2021)..........................................................4

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004)..................................................................................3

*Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*,
  2015 WL 2383358 (D.N.J. May 18, 2015),
  *aff'd*, 639 F. App.'x 880 (3d Cir. 2016)..........................................................3

*Sourovelis v. City of Phila.*,
  515 F. Supp. 3d 321 (E.D. Pa. 2021)..............................................................5

*TIAA v. Valeant Pharms. Int'l, Inc.*,
  2021 WL 6881210 (3d Cir. Dec. 20, 2021)....................................................4

## Rules and Regulations

Fed. R. Civ. P. 23..................................................................................................1

i

Co-Lead Plaintiffs Anthony Sultan, Ellaine Sultan, Anna Cooley, Formica Industries Limited, David Pendola, and Dean K. Lurie (collectively, "Plaintiffs"), respectfully submit this Reply Memorandum of Law in support of their unopposed motions for (1) Final Approval of Class Action Settlement pursuant to Fed. R. Civ. P. 23(e) ("Final Approval Motion") (ECF No. 92) and (2) Award of Attorneys' Fees and Expenses and Awards for Co-Lead Plaintiffs (ECF No. 92-2) ("Fee Motion").

This Reply is supported by the Supplemental Declaration of Margery Craig Concerning (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion, Objections, and Claims Received ("Suppl. Mailing Declaration"), attached as Exhibit A to the Declaration of Brian Calandra in Further Support of Lead Plaintiffs' Final Approval and Fee Motions ("Calandra Declaration"), submitted herewith as Exhibit 1.

The Court ordered a deadline of May 17, 2022, for Class Members[1] to object to the fairness, reasonableness, or adequacy of the Settlement, plan of allocation, proposed attorneys' fees and expenses, or proposed compensatory awards to Plaintiffs. As of this filing, out of 1,177,118 Postcard Notices or the direct link to the Long Notice and Proof of Claim have been mailed or emailed, only 3 Class Members have objected to any aspect of the Settlement or proposed awards, and

---

[1] All capitalized terms not otherwise defined herein are defined in the Stipulation of Settlement, dated February 4, 2022 ("Stipulation") (Dkt. No. 88-3), preliminarily approved by this Court on February 7, 2022 (Dkt. No. 89).

only 8 confirmed Class Members (with a total recognized loss of $9,237.51) and 20 potential Class Members (none of whom provided confirmatory transactional information), have requested exclusion. Accordingly, the reaction of the Class Members to the proposed Settlement, plan of allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Plaintiffs—more than 99% of whom neither object nor seek exclusion from the Settlement—strongly supports entering the Proposed Order of Final Judgment.[2]

## I.   THE SMALL NUMBER OF OBJECTIONS TO THE PROPOSED SETTLEMENT STRONGLY SUPPORTS FINAL APPROVAL.

The reaction of the class to the proposed settlement is an important factor in evaluating the fairness of the settlement. *See, e.g., Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)). Here, after completing a robust notice program that included mailing or emailing 1,177,118 Postcard Notices or links to the Long Notice and Proof of Claim, twice publishing summary notice on widely-distributed, business-oriented newswires, and hosting a comprehensive settlement website containing all notice and settlement-related materials, only three Class Members—from a potential Class of 1.1 million members—have raised any objection to any portion of the Settlement,

---

[2] Attached as Exhibit 2 to the Calandra Declaration is a revised Proposed Order for final approval of the Settlement ("Revised Proposed Order and Final Judgment") that references in ¶ 8 the objections to settlement but is otherwise identical to the proposed order and final judgment previously submitted. ECF No. 88-9.

the Plan of Allocation, request for an award of attorneys' fees and expenses, or the request for compensatory awards to Plaintiffs. *See* Suppl. Mailing Decl. at ¶¶2-3, 6.

One objection is handwritten, opposing any award of attorneys' fees and expenses on the grounds that the purported objector's "opinion of class action style suits is very low" and asserting that the action should be "dropped, thrown out, etc." *See* Initial Mailing Decl. Ex. G (Dkt. No. 92-4 at 119). The second objection does not document any purchases of Canopy shares during the Class Period (*i.e.*, purchases in reliance on any misrepresentations), objects that the settlement amount is insufficient, and demands for the objector "a total amount of $5000 for relief." *Id.* at 115–16. The third objection appears to object to the size of the Settlement Amount and asks the Court to "[p]lease make sure the defendants were not involved in these above misrepresentations or violations or omissions of material fact in public statements to the public." Suppl. Mailing Decl. Ex. C.

Notwithstanding these objections, courts hold that a presumption of fairness applies where, as here, "only a small fraction of the purported class" objects to the settlement. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004); *Landsman & Funk, P.C. v. Skinder-Strauss Assocs.*, 2015 WL 2383358, at *5 (D.N.J. May 18, 2015), *aff'd*, 639 F. App.'x 880 (3d Cir. 2016) (that "[t]he number of exclusions and objections are thus exceptionally small in relation to the size of the potential and confirmed class…. weighs in favor of approval of the

3

settlement"). Indeed, a small number of objections is considered a *favorable* reaction supporting a fee request. *In re Mercedes-Benz Emissions Litigation*, 2021 WL 7833193, at *13 (D.N.J. Aug. 2, 2021) (class reaction of only a few objections "supports the fee request"); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2020 WL 3166456, at *7 (D.N.J. June 15, 2020), *report and recommendation adopted*, 2021 WL 358611 (D.N.J. Feb. 1, 2021), *aff'd in part, appeal dismissed in part sub nom. TIAA v. Valeant Pharms. Int'l, Inc.*, 2021 WL 6881210 (3d Cir. Dec. 20, 2021).

Here, there is only one objection to an award of *any* fees or expenses to Co-Lead Counsel, a reaction that strongly favors granting both the Final Approval Motion and the Fee Motion.

## II. THE LIMITED NUMBER OF EXCLUSIONS STRONGLY SUPPORTS FINAL APPROVAL.

Although the Claims Administrator has mailed or emailed 1,177,118 Postcard Notices or links to the Long Notice and Proof of Claim potential Class Members instructing them in plain terms of their right to opt out of the Settlement and the procedures for doing so, virtually all Class Members have elected to remain in the Class. To date, the Claims Administrator has received only twenty-eight (28) exclusion requests. *See* Initial Mailing Decl. Ex. G (Dkt. No. 92-4 at 74–114); Suppl. Mailing Decl. at ¶ 6. Of those requests, only 8 are from Class Members. Suppl. Mailing Decl. at ¶ 6 and Exhibit A. The remaining 20 requests come from individual investors that declined to provide the transactional information required by the

4

Notice and this Court's preliminary approval order, and consequently Plaintiffs cannot ascertain whether they are Class Members. *See id.* ¶ 6 Ex. B. That only 8 confirmed Class Members and a handful of potential Class Members have opted out of the settlement after mailing or emailing 1,177,118 Postcard Notices or links to the Long Notice and Proof of Claim strongly supports approval. *See In re Valeant Pharm. Int'l Third-Party Payor Litig.*, 2021 WL 7159892, at *3 (D.N.J. Dec. 6, 2021) (only six opt outs in comparison to 41,000 notices mailed "clearly indicat[es] overwhelming support for the Settlements from the Settlement Class"), *report and recommendation adopted*, 2022 WL 525807 (D.N.J. Feb. 22, 2022); *see also Sourovelis v. City of Phila.*, 515 F. Supp. 3d 321, 337 (E.D. Pa. 2021) (15 opt outs from notice to 35,000 potential class members weighed in favor of approval).

## III.   CONCLUSION

Accordingly, for the reasons stated herein, and in the Final Approval Motion and Fee Motion, the Court should enter the Proposed Final Judgment and Order of Dismissal with Prejudice, attached as Exhibit B to the Calandra Declaration.

Dated: May 31, 2022                    Respectfully submitted,


                                       **POMERANTZ LLP**

                                       By: */s/ Brian Calandra*
                                       Brian Calandra
                                       Jeremy A. Lieberman
                                       600 Third Avenue, 20th Floor
                                       New York, New York 10016
                                       Telephone: (212) 661-1100

Fax: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: bcalandra@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Gonen Haklay*
Gonen Haklay
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: ghaklay@rosenlegal.com
Email: lrosen@rosenlegal.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Shayne Stevenson*
Steve W. Berman
Shayne C. Stevenson
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com
shaynes@hbsslaw.com

*Co-Lead Counsel for Plaintiffs and the Class*

**THE SCHALL LAW FIRM**

Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964

6

Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff
David Pendola*

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022 I caused the foregoing Lead Plaintiffs'

Reply Memorandum in Support of: (1) Motion for Final Approval of Class Action

Settlement and (2) Motion for Attorneys' Fees and Expenses and Awards for Co-

Lead Plaintiffs to be served on Defendants via CM/ECF..

DATED: May 31, 2022                         */s/ Brian Calandra*
                                            Brian Calandra