**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDUARDO ORTIZ, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br>CANOPY GROWTH CORPORATION, BRUCE LINTON, MARK ZEKULIN, MIKE LEE, TIM SAUNDERS, DAVID KLEIN, and RADE KOVACEVIC,<br><br>                              Defendants. | )<br>) Case No. 2:19-cv-20543-KM-ESK<br>)<br>) **PLAINTIFFS' UNOPPOSED**<br>) **MOTION FOR *CY PRES***<br>) **DISTRIBUTION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Lead Plaintiffs Anthony Sultan, Ellaine Sultan, Anna Cooney, Formica Industries Limited, David Pendola and Dean K. Lurie (collectively, "Plaintiffs"), on behalf of themselves and the Class, hereby move the Court for an order, approving the distribution of the residual settlement funds (less remaining tax liability and administrative costs) as a *cy pres* award to the Howard University Investor Justice and Education Clinic, as the *cy pres* recipient named in the Court's Order Granting Motion for Distribution of Class Action Settlement Funds is no longer in operation. This Motion is based on the Memorandum of Points and Authorities in Support thereof and the Declaration of Paul Mulholland Concerning the Remaining Funds for Cy Pres. Plaintiffs have provided notice of this Motion to Defendants and are informed that Defendants do not oppose the Motion.

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR**
**_CY PRES_ DISTRIBUTION**

## I.    INTRODUCTION

Plaintiffs Anthony Sultan, Ellaine Sultan, Anna Cooney, Formica Industries Limited, David Pendola and Dean K. Lurie (collectively, "Plaintiffs"), by and through their counsel, submit this motion requesting that the residual funds in the Settlement Fund be distributed to the _cy pres_ recipient, the Investor Justice and Education Clinic ("IJEC"), and that both the fund and case be closed.  As set forth in the accompanying Declaration of Paul Mulholland Concerning the Remaining Funds for _Cy Pres_ (the "Mulholland Decl."), and pursuant to the Order Granting Lead Plaintiff's Motion for Distribution of Class Action Settlement Funds (ECF. No 102), the Claims Administrator, Strategic Claims Services ("SCS"), carried out an initial distribution of the Net Settlement Fund to Class Members, distributing substantially all of the available funds. _See_ Mulholland Decl. ¶¶3-6.

After administration costs and attorney's fees and expenses, $ 7,55,246.87 remained to distribute to eligible class members. _See_ Mulholland Decl. ¶3. On June 5, 2023, SCS sent Distribution payments to 42,158 Authorized Claimants in the total amount of $7,554,246.86. _Id_. As of the time of this filing, 1,798 eligible class members received Distribution payments. _Id_. at ¶4. The remaining funds in the account total $12,622.10. _Id_. After a final invoice for post-distribution work

performed by SCS of $11,601.95, the residual balance is $1,020.15. *Id.* at ¶¶5-6. Given the *de minimus* amount of funds remaining and the estimated costs associated with a second distribution, Plaintiffs and SCS have determined that it is not cost-effective to administer a Second Distribution.

Therefore, Plaintiffs seek the Court's approval to distribute all remaining funds to a *cy pres* recipient. The Court's Order Granting Motion for Distribution of Class Action Settlement Funds directed all remaining funds that are not feasible or economical to reallocate be donated to the Investor Protection Trust, 750 First Street NE, Suite 990, Washington DC, 20002 (the "IPT"). ECF No. 102 at ¶6. However, in the intervening time since the order, the IPT is no longer in operation, and thus Plaintiffs seek the Court's approval to distribute the funds to the Howard University School of Law Investor Justice and Education Clinic (IJEC), Room G18, Notre Dame Hall, 2900 Van Ness Street, NW Washington, D.C. 20008. Defendants do not oppose this motion.

## II.    THE SETTLEMENT AGREEMENT, DISTRIBUTION, AND POST DISTRIBUTION ACCOUNTING.

On May 3, 2023, the Court approved the proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") adopting SCS's recommendation and directing SCS to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court in this Order,

and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund. ECF No. 107 at ¶¶1-6. The Court further ordered those additional re-distributions, after deduction of costs and expenses may occur until Lead Counsel, in consultation with SCS, determines that further redistribution is not cost-effective. *Id.* at ¶6.

On June 5, 2023, SCS sent distribution payments to 42,158 Authorized Claimants in the total amount of $7,554,246.87. Mulholland Decl. at ¶3. Subsequently, SCS followed up with Authorized Claimants to ensure checks were cashed. *Id.* at ¶4. After this due diligence, SCS prepared and performed a second distribution on February 1, 2024, to 1,798 eligible class members who had cashed their first distribution check and who received a check for more than $10.00. As of the time of this filing, the current balance of funds in the account totals $12,622.10, due to distributions that have not been cashed and are now stale. *Id.* After final administrative costs for post-distribution work of $11,601.95, the residual balance in the fund would be $1,020.15.

Now, Lead Plaintiffs seek the Court's approval to direct distribution of the remaining Settlement funds in the amount of $1,020.15 to IJEC, a program of Howard University, a 501(c)(3) charitable organization.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION

## III.   THE COURT SHOULD APPROVE A *CY PRES* DISTRIBUTION TO THE INVESTOR JUSTICE AND EDUCATION CLINIC

As set forth above and pursuant to the Distribution Order, SCS carried out the initial distribution of the Net Settlement Fund to Class Members. Given the *de minimus* amount remaining in the fund, Plaintiff and SCS have determined that it is not cost-effective to administer a Second Distribution, and thus a *cy pres* distribution is appropriate. However, Plaintiffs' Counsel has learned that the *cy pres* recipient named in the Court's distribution, IPT, is no longer in operation. Accordingly, Plaintiffs respectfully request approval of a *cy pres* distribution to IJEC of unclaimed settlement funds.

### A.   Legal Standard

The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund for "a purpose directly and substantially related to the class's interests." *In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 330 (3d Cir. 2019). *Cy pres* provisions are reviewed under the same framework as the settlement generally, looking to whether the provision is "fair, reasonable, and adequate." *In re Baby Prod. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013).

### B.   The IJEC is an Appropriate *Cy Pres* Recipient

The Court should approve IJEC as an appropriate *cy pres* recipient of

unclaimed settlement funds because it accounts for the nature of the lawsuit, the objectives of the Securities Act and Exchange Act, and the interests of the silent class members.

### 1.  Nature of the Lawsuit

The complaint alleged that Defendants violated the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78a, et seq.  ECF No. 77 at ¶¶328-42. Plaintiff sought to recover compensable damages caused by Defendants' alleged violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. *Id*. Providing a *cy pres* award to IJEC to foster independent and unbiased investor protection falls in line with the nature of this lawsuit and the interests of the Settlement Class.

### 2.  Objective of the Statutes

The federal securities laws grew out of the public outcry for reform of the securities markets after the Great Depression and Congress sought to regulate capital markets to protect investors. The Exchange Act created the Securities and Exchange Commission, endowing it with broad powers to enforce the federal securities laws, regulation of the securities industries, and prohibitions against manipulative stock market practices, amongst other things. Section 10(b) of the Exchange Act is the primary anti-fraud statutory provision and Rule 10b-5 prohibits the use of any

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION

"device, scheme or article to defraud."  The SEC primarily enforces the anti-fraud provision under Rule 10b-5, which imposes liability for any misstatement or omission of a material fact, or one that investors would think was important to their decision to buy or sell a security. Courts have held that there is a private right of action to sue under Rule 10b-5. Typically, only individuals who have bought or sold securities have standing to bring a 10b-5 claim. Section 20(a) imposes liability on "control persons" for primary violations.

Plaintiffs and members of the class purchased Canopy Growth Corporation's securities at allegedly artificially inflated prices and alleged that they were damaged upon the revelation of Defendants' false and misleading statements. IJEC is a program of a 501(c)(3) not-for-profit, Howard University School of Law, that represents underserved and indigent investors and develops the next generation of securities law attorneys. *The Clinical Law Center*, Howard University School of Law, https://law.howard.edu/academics/clinical-law-center (last visited September 12, 2024). IJEC opened in Fall 2010 when Howard University Law School received a selective grant from the FINRA Investor Education Foundation to fund the development of an investor protection and education clinical law program. *Id.* at *Investor Justice and Education Clinic (IJEC)*. IJEC provides instruction and practical experience in securities law and arbitration and mediation, through representing actual investor cases accepted by the clinic. *Id.* Participants also work

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION

to design and implement at least one investor outreach and outreach program for under-served investors each semester. *Id.* IJEC has been approved as a *cy pres* recipient in the past in the District of New Jersey. Letter Order, *Li v. Aeterna Zentaris, Inc.*, No. 3:14-CV-07081 (D.N.J. Jan. 2, 2024) ECF No. 199; Order for Distribution of Class Settlement Funds, *P. Van Hove BVBA v. Universal Travel Group, Inc.*, No. 2:11-CV-02164 (D.N.J. Jan. 26, 2018) ECF No. 230.

### 3.  Interest of Silent Class Members

The interests of the silent class members would be advanced through a *cy pres* award to IJEC. The *cy pres* funds distributed to IJEC would be used to advance its own programs and contribute to its efforts in representing and underserved investors, as well as developing the future securities law bar. The funds will indirectly benefit class members by providing additional resources to support educational initiatives that will protect the investing public from fraud and provide low-cost access to legal resources. Accordingly, IJEC is an appropriate *cy pres* recipient and Plaintiffs' motion should be granted.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion in its entirety.

Dated:  September 12, 2024            Respectfully submitted,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION

**POMERANTZ LLP**

*/s/ Brian Calandra*

Brian Calandra
Jeremy A. Lieberman
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
      bcalandra@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Gonen Haklay*

Gonen Haklay
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
Email: ghaklay@rosenlegal.com
Email: lrosen@rosenlegal.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*

Steve W. Berman
Shayne C. Stevenson
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION

**THE SCHALL LAW FIRM**

Brian Schall
Rina Restaino
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
Facsimile: (877) 590-0482
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Lead Plaintiff David Pendola*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Brian Calandra
Brian Calandra

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' UNOPPOSED MOTION FOR CY PRES DISTRIBUTION